IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL A CHEST, #N74322, **Plaintiff**, v. OFFICER MERRIMAN, and DANIEL MONTI, **Defendants.** | Case No. 21-cv-01020-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Michael Chest, a transgender woman and an inmate of the Illinois Department of Corrections, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of her constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## DISCUSSION

This lawsuit was initiated with a document submitted by Plaintiff that is a hybrid letter/Complaint (Doc. 1). The document appears to set forth the content of grievances filed by Plaintiff while she was incarcerated at Shawnee Correctional Center.[1] Although Plaintiff

---

[1] Plaintiff is currently incarcerated at Pinckneyville Correctional Center.

Page 1 of 4

references Defendant 1, Officer Merriman, and Defendant 2, Daniel Monti, she also states the "Complaint" is against IDOC "to be compensated in restitution payment to all who have been abused in IDOC in the most demeaning way of abuse." (*Id.* at p. 1, 6). She alleges a multitude of transgressions including verbal sexual harassment and humiliation, being coerced by internal affairs to withdraw grievances, a "bogus" ticket resulting in placement in segregation, being raped by three unidentified individuals, and states she has been physically, mentally, emotionally, and spiritually injured in many ways.

Plaintiff's pleading violates Rule 8 of the Federal Rules of Civil Procedure which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2) that includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). Plaintiff also fails to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and they can properly answer the Complaint. *Id.* at 555. Further, Plaintiff has not sufficiently alleged that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka,* 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted). For these reasons, the Complaint will be dismissed without prejudice, and Plaintiff will be granted an opportunity to file an amended complaint.

## DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED without prejudi**ce for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **June 8, 2022**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for

failure to prosecute. FED. R. CIV. P. 41(B); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of her three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. She should label the form, "First Amended Complaint," and she should use the case number for this action (No. 21-cv-01020-SPM). To enable compliance with this Order, the **CLERK** is **DIRECTED** to mail her a blank civil rights complaint form.

Plaintiff is **ADVISED** that an amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate her constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. Plaintiff must re-file any exhibits she wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed. Thus, the filing fee remains due and payable, regardless of whether she files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not

independently investigate her whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 11, 2022**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**