IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL A CHEST,
#N74322,

        Plaintiff,

v.

OFFICER MERRIMAN,
DANIEL MONTI, and
L. BOON,

        Defendants.

Case No. 21-cv-01020-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Michael Chest brought this *pro se* civil rights action on August 18, 2021. (Doc. 1). Plaintiff is a transgender woman in the custody of the Illinois Department of Corrections ("IDOC"), currently in prison at Pinckneyville Correctional Center ("Pinckneyville").

    Plaintiff's original Complaint was dismissed without prejudice pursuant to 28 U.S.C. § 1915A, because it failed to present a coherent claim for relief supported by sufficient factual allegations and failed to associate specific defendants with specific claims. (Doc. 10). The original pleading referenced Defendants Merriman and Monti and described verbal sexual harassment, coercion of Plaintiff to withdraw grievances, wrongful placement in segregation, being raped by unidentified individuals, and included two attached PREA investigation reports from April 2021 (Doc. 1, pp. 7-8). Plaintiff was directed to file an amended Complaint if she wished to further pursue her claims. (Doc. 10, pp. 2-3).

    Plaintiff's First Amended Complaint (Doc. 11) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to dismiss any portion of the complaint

1

that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE FIRST AMENDED COMPLAINT

Plaintiff again names Officer Merriman of Shawnee Correctional Center ("Shawnee") and Shawnee Warden Daniel Monti as Defendants. (Doc. 11, pp. 1-2). She also lists L. Boon as a Defendant in the case caption. (Doc. 11, p. 1). Her statement of claim relates that "during the period of 5/11/2022,"[1] Plaintiff filed a complaint on Merriman for sexual harassment and "saying other harsh statements." (Doc. 11, p. 6). One word regarding Merriman's conduct is unreadable but might state that Merriman was "hitting" Plaintiff. *Id.* Further, Plaintiff wrote to Warden Monti, and both Monti and Merriman were aware of incidents at Shawnee where Plaintiff was raped by two other white male inmates. *Id.*

Plaintiff attaches a grievance dated October 31, 2021, regarding being on crisis watch in Unit R6, during which she had no access to her mail and was subjected to excessive force by Lt. Boon and other security staff. (Doc. 11, pp. 10-13). Also attached is the grievance officer's report denying the grievance (No. 3544-11-21). (Doc. 11, pp. 8-9).

Plaintiff seeks monetary compensation. (Doc. 11, p. 7).

### DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1:   Eighth Amendment deliberate indifference claim against Merriman for verbally sexually harassing Plaintiff during May 2021, and

---

[1] Because this case was filed in August 2021, the Court presumes that Plaintiff meant to say she complained about Merriman's harassment in May *2021*, not 2022.

     against Monti for allowing the harassment.

Count 2:  Eighth Amendment claim against Merriman and Monti for failing to protect Plaintiff from sexual assaults perpetrated by fellow inmates.

Count 3:  Eighth Amendment claim against Boon for using excessive force against Plaintiff in October 2021.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

### Count 1

  Verbal sexual harassment may amount to cruel and unusual punishment, such as when it inflicts severe psychological harm or places the inmate in greater danger of assault by other prisoners. *See Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment[.]"). Here, Plaintiff does not describe what Merriman said or did, and does not include any facts about harm she suffered as a result of Merriman's alleged sexual harassment. The mere conclusory statements that Merriman sexually harassed her and made "other harsh statements" are not sufficient. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Without a more specific statement of facts, the Court cannot determine whether Merriman's conduct was severe enough to amount to an actionable Eighth Amendment violation.

  Further, Monti cannot be held liable for Merriman's actions unless Monti was personally involved in the unconstitutional conduct. The First Amended Complaint contains no facts to demonstrate that Monti participated in the harassment or was made aware of Merriman's

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

3

harassment and failed to stop it.

For these reasons, Count 1 must be dismissed for failure to state a claim upon which relief may be granted. The dismissal shall be without prejudice, and Plaintiff will be given one more opportunity to re-plead this claim.

Further, if Plaintiff meant to allege that Merriman made some physical contact with her in addition to the verbal harassment, her amended complaint should clearly and legibly state such relevant facts.

### Count 2

Prison officials have a duty to protect prisoners from violence perpetrated by fellow inmates, but they may be held liable only if they knew about a specific threat and failed to take steps to prevent the harm. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008) ("Once prison officials know about a serious risk of harm, they have an obligation to take reasonable measures to abate it.").

Again, the First Amended Complaint does not set forth any facts to suggest that Plaintiff informed Monti or Merriman of any threats to her safety before the sexual assault(s) occurred, nor does she indicate whether these Defendants took or failed to take any action to protect her from those threats. Count 2 will also be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 3

The claim against Boon fails for several reasons. First, Plaintiff includes Boon's name only in the case caption, and fails to mention Boon at all in her statement of claim. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). A plaintiff must associate specific defendants

with specific claims so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Plaintiff's attached grievance documents do not satisfy these pleading requirements.

Furthermore, the attached grievance demonstrates that the incident with Boon occurred in October 2021, five months later than the alleged sexual harassment and failure to protect in Counts 1 and 2, and appears to be unrelated to those claims. Not only that, the October 2021 Boon incident took place *after* Plaintiff filed this case in August 2021, so it is not properly included in the amended complaint. Because the Boon incident is separate and distinct from Plaintiff's claims against Merriman and Monti, Plaintiff must bring the claim against Boon in a separate lawsuit if she wants to pursue it further. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits). Count 3 will be dismissed without prejudice for failure to state a claim upon which relief may be granted and as improperly joined.

### DISPOSITION

For the reasons stated above, the First Amended Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Plaintiff will be given **one more opportunity** to file an amended pleading to correct the deficiencies noted above.

If Plaintiff wishes to proceed with this case, she **SHALL FILE** her "Second Amended Complaint" on or before **January 3, 2023**. Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute. FED. R. CIV. P. 41(B); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for

use in this District. She should label the form, "Second Amended Complaint," and she should use the case number for this action (No. 21-cv-01020-SPM). To enable compliance with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that an amended complaint generally supersedes and replaces all previous complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the earlier complaints. Thus, the Second Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any previous pleading. Plaintiff must also re-file any exhibits she wishes the Court to consider along with the Second Amended Complaint.

Because Count 3 against Boon has been dismissed and cannot proceed in the same action as Counts 1 and 2 against Merriman and Monti, the Second Amended Complaint should include **only the claims designated as Count 1 and Count 2 above**.[3] The Second Amended Complaint should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate her constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."). As much as possible, Plaintiff should include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the Second Amended Complaint. If the Second Amended Complaint fails to survive review under § 1915A, Plaintiff may also incur a "strike."

---

[3] Plaintiff must file a new, separate lawsuit if she wishes to pursue a claim against Boon for the October 2021 events, and must pay a separate filing fee for the new action.

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed. Thus, the filing fee remains due and payable, regardless of whether she files a Second Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 30, 2022**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**