IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL A. CHEST,
#N74322,

    Plaintiff,

v.

OFFICER MERRIMAN,
DANIEL MONTI, and
L. BOON,

    Defendants.

Case No. 21-cv-01020-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Michael Chest brought this *pro se* civil rights action on August 18, 2021. (Doc. 1). Plaintiff is a transgender woman in the custody of the Illinois Department of Corrections ("IDOC"), currently in prison at Pinckneyville Correctional Center ("Pinckneyville"). This matter is now before the Court on Plaintiff's Second and Third Amended Complaints (Docs. 13, 14).

    Plaintiff's original Complaint was dismissed without prejudice pursuant to 28 U.S.C. § 1915A, because it failed to present a coherent claim for relief supported by sufficient factual allegations and failed to associate specific defendants with specific claims. (Doc. 10). The original pleading referenced Defendants Merriman and Monti and described verbal sexual harassment, coercion of Plaintiff to withdraw grievances, wrongful placement in segregation, being raped by unidentified individuals, and included two attached PREA investigation reports from April 2021 (Doc. 1, pp. 7-8). Plaintiff was directed to file an amended Complaint if she wished to further pursue her claims. (Doc. 10, pp. 2-3).

    Plaintiff's First Amended Complaint (Doc. 11) was also dismissed for failure to state a

1

claim for a variety of reasons. (Doc. 12). The Amended Complaint included allegations against the original defendants—Monti and Merriman—and it also mentioned a new Defendant, L. Boon. The Court clearly instructed Plaintiff that the claim against L. Boon was not related to the original complaint and would have to be presented in a separate lawsuit if Plaintiff wished to pursue that claim. Plaintiff was also informed that piecemeal amendments would not be accepted, and the Court required a single operative pleading if an amended complaint was filed.

Plaintiff's Second and Third Amended Complaints are now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE SECOND AND THIRD AMENDED COMPLAINTS

Although Plaintiff was advised that piecemeal amendments would not be accepted, the Court still reviewed both pleadings Plaintiff submitted out of deference to her status as a pro se litigant. In the Second Amended Complaint, Plaintiff again named Defendants Merriman, Monti, and Boon. Plaintiff realleges that Merriman engaged in verbal sexual harassment, coerced her concerning her grievances, wrongfully placed her in segregation, and may not have taken responsive actions to her report of a rape. Plaintiff claims that she raised these issues to Monti, but nothing was done. Plaintiff further alleges that while housed in the mental health area of the prison, she was attacked in her bunk and punched by guards, including Boon. A related grievance was dismissed. The Second Amended Complaint does not include a specific demand for relief.

In the Third Amended Complaint, Plaintiff included only one page of factual allegations. (Doc. 14). She wrote that Merriman committed verbal sexual harassment towards her, Monti failed

to respond, and other unidentified officers failed to file a complaint against the two fellow inmates that raped her. Again, Plaintiff did not include a demand for relief.

## DISCUSSION

Plaintiff's Second and Third Amended Complaints are insufficient to state a claim for relief. First, as to the inclusion of claims against Defendant Boon—the Court specifically instructed that any claim against Boon could not properly be included in an amended complaint. (Doc. 12). Despite this instruction, Plaintiff again named Boon, and alleged that Boon may have used excessive force against her. The Court will not consider the merits of this claim in this case because it is not related to the original complaint, and Plaintiff was clearly informed that if she wished to pursue any claim of this nature, she would need to file a separate lawsuit. This claim is dismissed without prejudice.

Next, as to Merriman, the Court has already explained that the allegation that Merriman made offensive comments standing alone is not sufficient to establish a claim. The allegations in the Second Amended Complaint include a specific phrase that Merriman apparently uttered, but Plaintiff does not describe the impact of the statement, nor does she indicate that it was accompanied by any other concerning conduct. Simple verbal harassment is not enough to make out a claim. *See Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment[.]"). The claim against Merriman is insufficient, and is subject to dismissal. The other claims against Merriman concerning grievances, placement in segregation, or the alleged rape are not sufficiently detailed to proceed. Plaintiff does not clearly describe what Merriman did, on which occasions, or how it impacted her. Without details of this nature, the claims may not proceed.

The claim against Monti concerning his response to Plaintiff's grievances or complaints

about Merriman is also insufficient. Plaintiff complains that Monti failed to come to her aid in response to her complaint about sexual harassment, but an inmate does not have a specific interest in the outcomes of the grievance procedure, and Plaintiff does not describe any specific harm she suffered as a result of Monti's alleged action or inaction. *See, Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011) (the alleged mishandling of a grievance by those who do not participate in underlying conduct is not enough to state a claim). As such, Plaintiff's claim against Monti is insufficient and must be dismissed.

Finally, to the extent that Plaintiff attempts to include unnamed defendants, or fellow inmates, such claims also fail. Plaintiff alleges that unnamed staff failed to file a complaint about her rape by two fellow inmates, but to the extent that she references a report under the Prison Rape Elimination Act, such a claim is not viable. The PREA does not provide a private right of action. *See Sims v. Doe*, 2018 WL 4027632 at *2 (S.D. Ind. Aug. 22, 2018) (collecting cases); *see also Coonce v. Martin*, 2021 WL 2686420, at *1 (N.D. Ind. June 30, 2021) (plaintiff cannot state a claim against officer for sexually inappropriate comments or failure to appropriately investigate PREA complaint because PREA does not provide private right of action); *Byrd v. Smith*, 2021 WL 1696391, at *5 (S.D. Ind. April 29, 2021) ("any claim based on a PREA violation is dismissed for failure to state a claim upon which relief may be granted."). Additionally, citizens do not have a private interest in the criminal prosecution of others, or disciplinary action against other individuals, so there could not be any such claim premised on discipline of the two alleged assailants. Thus, any such claim is dismissed for failure to state a claim.

Based on the foregoing analysis, Plaintiff has again failed to state a sufficient claim to proceed beyond initial review. Although leave to amend is given freely, the Court finds that after three rounds of initial review, it is unlikely that Plaintiff will tender a viable complaint in this case.

**DISPOSITION**

Based on the foregoing analysis, the Court will **DISMISS** Plaintiff's entire Second and Third Amended Complaints for failure to state a claim under 28 U.S.C. § 1915A. Plaintiff will not be given leave to amend.

If Plaintiff wishes to appeal this Order, she must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, she will be liable for the $505.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

DATED: April 12, 2023

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**